UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROOKE MARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-cv-1708-JMB |
| | ) |
| MARY R. RUSSELL, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court for review of self-represented Plaintiff Brooke Marr's civil Complaint and motion for leave to proceed in forma pauperis. (ECF No. 2). The Court has reviewed the motion, and has determined to grant it. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by pro se litigants.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the Complaint against the Honorable Mary R. Russell, Chief Justice of the Missouri Supreme Court.  Plaintiff sues Chief Justice Russell in her "Official Capacity as Council Chair for the Judicial Council of Missouri." (ECF No. 1 at 1).  In the section of the form Complaint provided to identify "federal officials or federal agencies involved," Plaintiff writes: "Judicial Council of Missouri." *Id.* at 3.

Plaintiff identifies the "Judicial Council of Missouri" as "the entity responsible for establishing policies governing the state's courts," and she also states it "holds the pivotal responsibility of shaping policies within the jurisdiction's judicial system." (ECF No. 1-3 at 2). However, Plaintiff provides no facts to show the entity actually exists, and independent review revealed no record of such an entity.  Public information available on the Missouri Courts' website includes a list of boards, commissions, and committees tasked with advising "the Supreme Court and others in carrying out the Court's administrative responsibilities," but none are named "Judicial Council of Missouri."  *See* https://www.courts.mo.gov.

The Complaint consists of a completed Court-provided form (ECF No. 1), and a typewritten attachment of Plaintiff's own creation. (ECF No. 1-3). Plaintiff invokes this Court's federal question jurisdiction, and avers she brings claims pursuant to 42 U.S.C. § 1983 and *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiff's allegations are generalized and repetitive, but her claims are discernible. In the Statement of Claim section of the Complaint form, Plaintiff writes:

> On November 15, 2023, my First and Fourteenth Amendment rights under the United States Constitution were violated. These violations occurred within the state court system, specifically in St. Louis County, resulting in severe emotional and psychological distress. The consequences of these violations have been far-reaching, as I've been unjustly deprived of my fundamental parental rights, which include the ability to provide care, custody, and control of my offspring. These injustices stem from unconstitutional judicial policies that have led to the statewide deprivation of federally protected parental rights.

(ECF No. 1 at 5). In the attachment, Plaintiff repeatedly asserts she is subject to a November 15, 2023 state court order that deprives her of "actual parenting time" in the absence of a finding that she is unfit. It appears Plaintiff's reference to being denied "actual parenting time" means she was granted supervised visitation, and the State exercises some form of control over her visits. Plaintiff writes:

> The crux of my argument is that "actual parenting time" happens (if at all) when parents have the actual ability to exercise (a) care, custody, and control of their minor offspring, and to exercise, (b) private familial speech with their offspring. But here, the State wrongfully dispossessed me of these fundamental rights — despite the fact that I've never been found 'unfit' — i.e., no findings of (i) abuse, (ii) neglect, (iii) abandonment, or (iv) endangerment.
>
> . . .
>
> The stark reality is that, when the courts issue "supervised visitation" orders, (and "no-contact" orders), the noncustodial parents enjoy zero parental rights. Where courts deprive my 14th Amendment right to care, custody, and control of my offspring, as well as my 1st Amendment right to private familial speech with my offspring, it effectively severs the parent-offspring relationship.

3

*Id.* at 5-6. Plaintiff repeatedly asserts that child custody orders that deny actual parenting time to fit parents violate the First and Fourteenth Amendments, and U.S. Supreme Court precedent.

Plaintiff lists Chief Justice Russell's name in the caption of the complaint form and the typewritten attachment, but does not refer to Chief Justice Russell in setting forth her claims and supporting allegations. Instead, Plaintiff uses either singular or plural generic terminology. For example, Plaintiff alleges that "Defendant" has failed "to train judges in this state that 'fit' parents are entitled to 'actual parenting time,'" and elsewhere she alleges that "Defendants" maintain a policy of not training judges. *Id.* at 8, 27. Plaintiff claims "many judges" are ignorant of the law because they never received training, and "the Defendants" should train them. *Id.* at 16. She describes the standards she believes should be used.

As relief, Plaintiff asks this Court to grant her declaratory and monetary relief, and to issue an order "requiring the **JUDICIAL COUNCIL** to train its judicial officers in this state, first, that parenting is a fundamental right, and, second, that courts in this state may not issue physical custody orders that grant no 'actual parenting time,' absent findings of "unfitness." *Id.* at 29 (emphasis in original).

**Discussion**

Plaintiff states she brings claims pursuant to 42 U.S.C. § 1983, which provides a "broad remedy for violations of federally protected civil rights." *Monell*, 436 U.S. at 685. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

4

In the Complaint, Plaintiff does not allege facts that would demonstrate Chief Justice Russell's personal responsibility for any deprivation of her rights.  Plaintiff does not allege that Chief Justice Russell was personally involved in any aspect of her child custody case, and she does not allege specific facts explaining what Chief Justice Russell did or failed to do – with respect to a policy, custom, training, or something else – to violate her rights.  Plaintiff does attempt to establish Chief Justice Russell's personal responsibility by identifying her as the chairperson of an entity called "Judicial Council of Missouri" or "Judicial Council," and suggesting she acted (or failed to act) through that entity.  Indeed, a § 1983 plaintiff can establish a defendant's personal involvement by showing the defendant was involved in creating, applying, or interpreting a policy that gave rise to unconstitutional conditions, or that the defendant failed to train or supervise an offending employee.  *See Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014).  Here, however, Plaintiff has not established that the entity she references is real, so the suggestion that Chief Justice Russell acted through it is frivolous.  In sum, the Court finds that Plaintiff has failed to state a plausible § 1983 claim against Chief Justice Russell.  *See Madewell*, 909 F.2d at 1208; *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff also states she brings claims pursuant to *Monell*, 436 U.S. 658, in which the Supreme Court recognized that a municipality or other local governing body can be sued under § 1983.  To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Liability may attach if the constitutional violation "resulted from (1) an official municipal

5

policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  In this case, Plaintiff does not sue a municipality or other local governmental entity, and she does not allege that a constitutional violation resulted from a municipal policy, custom, or failure to train or supervise.  As a result, the Complaint fails to state a *Monell* claim.  *See Monell,* 436 U.S. 658.

In addition, it appears Plaintiff filed this action, at least in part, to seek relief on behalf of parents across the state of Missouri.  Plaintiff lacks standing to assert claims on behalf of other people.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").  Also, there is no indication that Plaintiff is a licensed attorney.  While federal law authorizes Plaintiff to plead and conduct her own case personally, 28 U.S.C. § 1654, she may not represent others in federal court.  *See Lewis v. Lenc–Smith Mfg. Co*., 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

Finally, to the extent Plaintiff can be understood to ask this Court to review and reject a Missouri state court child custody order, this Court would likely lack subject matter jurisdiction.  Federal courts generally lack jurisdiction to modify orders relating to child custody, *see Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994), and with the exception of federal habeas corpus, the United States Supreme Court is the only federal court with jurisdiction to review and correct state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415–16 (1923).

6

Having found the Complaint is frivolous and fails to state a claim upon which relief may be granted, the Court will dismiss this action at this time, without prejudice, under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of  April, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE